**Jason B. NICHOLAS, Plaintiff–Appellant,**

v.

**Edward TUCKER, Deputy Superintendent for Programs, Woodburne Correctional Facility, Clayton Cook, Corrections Officer, Woodburne Correctional Facility, Tammi Malone, Keyboard Specialist, Woodburne Correctional Facility, New York State Department of Correctional Service, Lieutenant, Woodburne Correctional Facility, Julkerski, Sergeant, Woodburne Correctional Facility, Donald Dir. Sec. Housing, N.Y.S. Dept. of Corr. Success, Director, Special Housing Unit/Inmate Disciplinary Program, New York State Department of Correctional Facility, Howard A. Budd, Deputy Superintendent for Security, Woodburne Correctional Facility, Anthony Dibartolo, Lieutenant, Woodburne Correctional Facility, Defendants–Appellees.**

Docket No. 01–0063.

United States Court of Appeals, Second Circuit.

July 24, 2002.

Jason B. Nicholas, pro se, Warwick, NY, for Appellant.

Robert H. Easton, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Michael S. Belohlavek, Deputy Solicitor General, on the brief), New York, NY, for Appellees.

Present WALKER, Chief Judge, MINER and CABRANES, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED IN PART and the cause is REMANDED.

Plaintiff-appellant Jason B. Nicholas appeals from the district court's grant of summary judgment in favor of defendants Tucker and Selsky and the district court's qualified immunity ruling in favor of defendant Cook, resulting in the dismissal of plaintiff's First Amendment retaliation claim. In December 1995, plaintiff filed a complaint against, *inter alia,* Edward Tucker, Superintendent for Programs at Woodburne Correctional Facility; Corrections Officer Clayton Cook; and Donald Selsky, Director of the Special Housing Unit/Inmate Disciplinary Program, alleging, among other things, that he was improperly subjected to discipline for the use of a prison computer for personal legal work and that the defendants retaliated against him in violation of the First Amendment for wearing a kufi, a style of Muslim headgear, to his work assignment in the prison's business office.

In the district court, defendants moved for summary judgment, which was granted in part and denied in part in March 2000. *Nicholas v. Tucker,* 89 F.Supp.2d 475 (S.D.N.Y.2000). Summary judgment was

granted in all respects except as to plaintiff's claim alleging that Officer Cook retaliated against him in violation of the First Amendment for wearing a kufi to work and for using the prison computer for personal legal work. *Id.* at 482. The case then proceeded to a non-jury trial before Judge Kaplan, who concluded at the close of the evidence that Cook improperly subjected Nicholas to prison discipline in retaliation for wearing a kufi and found that plaintiff had suffered damages in the amount of $3,005. The court then asked for further briefing on the issue of qualified immunity.

Thereafter, the district court ruled that defendant Cook was entitled to qualified immunity for his actions because a reasonable officer in ·Cook's position could have concluded that plaintiff's headgear could have concealed a weapon or other contraband and that interference with the headgear would thus not violate his clearly established constitutional rights. *See Nicholas v. Tucker*, No. 95 Civ. 9705, 2001 WL 228413 (S.D.N.Y. Mar.8, 2001).

On appeal, plaintiff argues that (1) the district court erred in granting summary judgment to Tucker and Selsky for lack of personal involvement in the alleged retaliation; (2) defendant Cook was not entitled to qualified immunity; and (3) the district court erred in denying plaintiff's requests° for injunctive relief, including the expungement of the disciplinary hearing from his record and the return of a $5 fine.

We review the district court's grant of summary judgment and qualified immunity rulings *de novo. See VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 118 (2d Cir.2001); *Kerman v. City of New York*, 261 F.3d 229, 238 (2d Cir.2001). After careful consideration of the issues raised on appeal, we affirm the district court's summary judgment and qualified immunity rulings substantially for the reasons set forth in the district court's thorough and well-reasoned opinion and order. *See Nicholas*, 2001 WL 228413; *Nicholas*, 89 F.Supp.2d 475.

However, because the district court found a causal relationship between Nicholas's wearing of the kufi and Cook's retaliatory initiation of disciplinary proceedings, we remand the case for consideration of Nicholas's claim that he is entitled to expungement of his disciplinary record and the return of the $5 fine. *See, e.g., Chatin v. Coombe*, 186 F.3d 82, 86 (2d Cir.1999); *Del Raine v. Carlson*, 826 F.2d 698, 707 (7th Cir.1987). Because the district court did not explain its reasoning regarding Nicholas's injunctive relief claim or make any factual findings as to whether Cook can effect the equitable relief plaintiff seeks, we conclude that remand is appropriate for further development of the record.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED IN PART and the cause is REMANDED for further proceedings consistent with this order.